■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WEIR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered March 25, 1983, convicting him of attempted murder in the second degree and kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

No error was committed by the trial court in permitting the prosecutor to elicit from the complainant's brother testimony to the effect that he had robbed a quantity of cocaine from the defendant on the same day that the complainant was kidnapped. Although this testimony implicated the defendant in criminal activity not charged in the indictment, his involvement in drug transactions served to establish a motive for the abduction of the complainant. Because the probative value of such testimony outweighed any potential prejudice, which prejudice was further obviated by the court's limiting instructions, the testimony was properly admitted (see, People v Smith, 63 NY2d 41, 64, cert denied 469 US 1227; People v Vails, 43 NY2d 364, 368; People v Molineux, 168 NY 264, 293).

Any errors arising out of the cross-examination of the defendant by the prosecutor were not objected to and were thus not preserved for appellate review. In any event, such claims of error are meritless. The alleged "extensive" impeachment of the defendant by eliciting evidence of prior bad acts was in fact quite brief, and the court's participation in such questioning was justified under the circumstances as an exercise of its "vital role in clarifying confusing testimony and facilitating the orderly and expeditious progress of the trial" *(People v Yut Wai Tom,* 53 NY2d 44, 57). Furthermore, the prosecutor's questions directed to the failure of the defendant to call the police after having been robbed by the complainant's brother were not improper, as these inquiries directly involved the credibility of the defendant's testimony that only money and not drugs had been stolen from him.

Finally, the defendant's contention that the court unfairly marshaled the evidence has no merit. The court properly alluded to the trial testimony only to the extent necessary to explain to the jury the application of the law to the facts of the case *(cf.* CPL 300.10 [2]). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.