■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MCKINLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered March 14, 1984, convicting him of criminal possession of a weapon in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We find no error in the determination that the People could introduce evidence of the defendant's previous conviction. The conviction had a bearing upon the defendant's motive because the complainant in this case had been instrumental in persuading the victim of the prior crime to testify against the defendant *(see, People v Molineux,* 168 NY 264; *People v Smalls,* 94 AD2d 777). Similarly free from error was the hearing court's ruling that, should the defendant choose to testify, he could be asked whether he had previously been convicted of a felony or misdemeanor *(see, People v Jackson,* 108 AD2d 757; *People v Handly,* 96 AD2d 649).

Viewing the evidence in the light most favorable to the People, the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt *(People v Contes,* 60 NY2d 620). Assessment of the witnesses' credibility was a matter for the jury *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Gruttola,* 43 NY2d 116; *People v Faison,* 120 AD2d 744). Based upon the testimony of the People's explosives expert, the jury could also find that the substance found within the hand grenade which the defendant was charged with possessing was explosive smokeless powder *(see, People v Allweiss,* 48 NY2d 40, 50).

The claimed instances of prosecutorial misconduct at trial are either unpreserved or without merit.

The sentence imposed was not unduly harsh. The People's request that this court raise the defendant's minimum sentence to one half the maximum, in keeping with the defendant's true status as a second violent felony offender *(see,* Penal Law § 70.04 [4]), is not properly before us since the People's cross appeal from the sentence was previously dismissed as untimely *(see, People v Pratt,* 119 AD2d 838). Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.