■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY TYSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 1, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him, as a second felony offender, to an indeterminate term of 6½ to 13 years' imprisonment.

Ordered that the judgment is affirmed.

The trial court's pretrial *Sandoval* ruling, which permitted

the People to cross-examine the defendant about the illegal acts underlying a 1979 felony conviction, as well as about a 1985 misdemeanor conviction, did not constitute an improvident exercise of discretion. The record reveals that the court carefully balanced the probative weight of the evidence regarding the defendant's credibility against the risks that that evidence might be viewed as evidence of criminal propensity or that permitting the admission of that evidence might deter the defendant from testifying (see, People v Sandoval, 34 NY2d 371). The fact that the prior misdemeanor was similar to the felony for which the defendant was on trial did not require its preclusion, especially where, as here, it appears that the defendant specializes in one type of criminal activity (see, People v Dekoskie, 125 AD2d 405, lv denied 69 NY2d 826; People v McKinley, 123 AD2d 362, lv denied 68 NY2d 915; People v Cherry, 106 AD2d 458).

We further find that the sentence was neither harsh nor excessive.

The defendant's remaining contentions have been considered and have been found to be either unpreserved for appellate review or lacking in merit (see, CPL 470.05 [2]; People v Gonzalez, 127 AD2d 787, lv denied 69 NY2d 1004). Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.