■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CREWS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered July 17, 1987, convicting him of robbery in the first degree (three counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were

to suppress identification testimony and statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police had probable cause to effectuate his arrest. After receiving first-hand information from an identified citizen informant implicating the defendant in the robbery of a Suffolk County gas station, the police obtained photographic identifications from the attendants at that station and at two other gas stations where similar robberies had recently occurred. Upon viewing photographic arrays, these three eyewitnesses all identified the defendant as the person who had robbed them, thereby providing the police with probable cause to arrest the defendant (see, People v Banks, 151 AD2d 491; People v Williams, 150 AD2d 410; People v Brown, 146 AD2d 793; People v Douglas, 138 AD2d 731), who was found in the automobile described by an informant (see, People v Allen, 112 AD2d 375). Accordingly, there was no error in the court's order denying the defendant's motion to suppress his confessions and the identification testimony.

Furthermore, the court did not err in its ruling admitting into evidence a photograph of the injury sustained by one of the victims during one of the robberies. This photograph, which depicted a head wound closed by six sutures, was not excessively gruesome (see, People v Bell, 63 NY2d 796), and was relevant to prove that the defendant did in fact commit this first degree robbery armed with a dangerous instrument (see, Penal Law § 160.15 [3]; cf., People v Redd, 137 AD2d 770). Moreover, the photograph served to illustrate this victim's testimony (see, People v Pobliner, 32 NY2d 356, cert denied 416 US 905). As the photograph was not admitted for the purpose of inflaming the jury (see, People v Johnson, 144 AD2d 490), its receipt into evidence was not erroneous.

Similarly, the defendant was not deprived of a fair trial by the admission into evidence of that portion of one of his confessions in which he admitted robbing one gas station to obtain money for the purchase of drugs. This evidence of his motive was clearly more probative than prejudicial (see, People v Weir, 120 AD2d 554). Furthermore, such evidence of motive was not improperly received as evidence of an uncharged crime (see, People v Allweiss, 48 NY2d 40; People v Molineux, 168 NY 264; People v McKinley, 123 AD2d 362).

We have reviewed the defendant's remaining contentions, including those raised in his pro se supplemental brief, and

find them to be either unpreserved for appellate review, or without merit. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.