OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The record does not demonstrate that the trial court abused its discretion when it ruled that the prosecution would be permitted to impeach the credibility of the defendant, if he took the stand, by confronting him with two of his prior narcotics convictions. Indeed, there is nothing to indicate that the court did not in fact actually balance the probative worth of the impeaching material against the risk that it might be taken as an indication of a propensity to commit the crimes charged and the fear that its admission might unfairly deter him from testifying at trial (see People v Mayrant, 43 NY2d 236-240; People v Sandoval, 34 NY2d 371, 378).
Nor does it appear that the court precluded counsel from bringing to its attention any considerations that appropriately should have entered into its determination or that it refused to weigh those that were urged upon it. In particular, there is no reason to conclude that the Trial Judge misapprehended or overlooked her discretionary obligation or refused to apply it in ruling on defendant’s motion (cf. People v Davis, 44 NY2d *884 269; People v Mayrant, supra, at p 240; People v Caviness, 38 NY2d 227, 233). Here, to the contrary, the court ruled out the use of another of defendant’s drug convictions and the underlying facts of one of those admitted.
Finally, as to the other errors assigned by the defendant, suffice it to say that, under the circumstances of this case, we find they were no more than permissible exercises of the Trial Judge’s discretion.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed in a memorandum.