■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GONZALEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered January 12, 1982, convicting him of robbery in the first degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The court's pretrial *Sandoval* ruling (*People v Sandoval*, 34 NY2d 371), permitting the prosecutor to cross-examine defendant, for impeachment purposes, about the illegal acts underlying his prior youthful offender adjudication (*see, People v Greer*, 42 NY2d 170, 176; *People v Duffy*, 36 NY2d 258, 264, *cert denied*

423 US 861), did not constitute an abuse of discretion. There is nothing to indicate that the court did not in fact balance the probative weight of the evidence on the issue of defendant's credibility against the risk that it might be viewed as evidence of guilt or criminal propensity, or that it might deter defendant from testifying (*e.g., People v Rahman,* 46 NY2d 882, 883). We note that the court precluded cross-examination about four misdemeanor convictions. The attempted robbery offense underlying defendant's youthful offender adjudication had a very material relevance to defendant's in-court veracity, as it demonstrated defendant's willingness to place his interests above those of society (*see, e.g., People v Sandoval,* 34 NY2d 371, 377, *supra*). The fact that the prior offense was similar in nature to those for which defendant was on trial did not mandate its preclusion. The People have an interest in exploring a defendant's veracity, and the fact that he might specialize in one type of criminal activity should not shield him from impeachment (*People v Bennette,* 56 NY2d 142, 147; *People v Torres,* 110 AD2d 794; *People v Cherry,* 106 AD2d 458; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882, *supra; see, People v Pavao,* 59 NY2d 282).

We further find no merit to defendant's challenge to the court's refusal to give a missing witness charge regarding the prosecutor's failure to call the complainant's common-law husband as a witness. There is nothing in the record to indicate that his testimony would have contradicted or added to that of the complainant, and the defendant knew of his identity but chose not to call him (*People v Almodovar,* 62 NY2d 126, 132-133; *People v Baldo,* 107 AD2d 751; *People v Shippee,* 87 AD2d 942).

Finally, we see no circumstances to warrant our interference with the sentencing court's exercise of discretion in imposing, *inter alia,* a sentence of 5 to 15 years' imprisonment (*see, e.g., People v Suitte,* 90 AD2d 80; *People v Notey,* 72 AD2d 279). Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.