■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. WRIGHT, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Parenti, J.), rendered February 17, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record fails to show any suggestiveness on the part of the police with respect to either the photographic display viewed by the complainant on March 5, 1982, or the lineups conducted at the Third Precinct on March 14, 1982. Considering the totality of the circumstances surrounding the lineups, particularly that the complainant was not given any specific information about defendant's participation in them beforehand and that Detective Franco attempted to locate persons to participate in the lineups who resembled defendant as much as possible (including defendant's brother), it cannot be said that the police engaged in any impropriety likely to have caused the complainant to select defendant as her assailant (*see, Stovall v Denno,* 388 US 293; *People v Chamberlain,* 96 AD2d 959).

Moreover, the People established by clear and convincing proof that there was an independent source for the complainant's identification. According to the complainant's testimony, the crime occurred in a well-lit area and lasted between one

and two minutes. During that time, she was able to face her assailant at very close range. Although the complainant's eyeglasses were knocked off while she struggled with the attacker, she was able to adequately observe him because she was nearsighted and was able to see up close and, in any event, her uncorrected vision was 20/40. Furthermore, she stated that she could clearly see defendant's facial features, including a scar on his left cheek. The complainant also provided the police with a detailed description of her assailant's other physical characteristics, most of which matched defendant's actual appearance. Thus, we find the identification reliable (*see, Manson v Brathwaite,* 432 US 98; *Neil v Biggers,* 409 US 188), and see no reason to disturb the findings of the suppression court which had the advantage of observing the witnesses (*People v Prochilo,* 41 NY2d 759, 761; *People v Gee,* 104 AD2d 561).

As to the trial court's *Sandoval* ruling, we note that defendant did not except to any portion thereof, thus failing to preserve any issue of law with respect thereto for appellate review (*People v James,* 100 AD2d 552, 553). Even if the claimed error had been preserved, absent a showing that the trial court abused its discretion, its determination would not be reversed on appeal (*People v Bennette,* 56 NY2d 142, 146; *People v Caviness,* 38 NY2d 227, 232; *People v Sandoval,* 34 NY2d 371, 374). We have examined the issue in the exercise of our interest of justice jurisdiction and have determined that the court properly exercised its discretion in allowing the prosecutor to inquire as to three of defendant's prior convictions involving attempted burglary in the third degree and criminal possession of stolen property in the third degree since these offenses were particularly relevant in assessing his credibility as a witness (*People v Sandoval, supra,* p 377; *People v James, supra,* p 553). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.