■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered March 9, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The court's pretrial *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371), permitting the prosecutor to cross-examine the defendant concerning three prior crimes, did not constitute an abuse of discretion. In this case, the defendant had 16 prior arrests which resulted in one felony and six misdemeanor convictions. The court properly exercised its discretion in limiting the prosecution to three of the defendant's convictions for purposes of impeachment. The fact that these crimes were similar in nature to the crime for which the defendant was on trial did not mandate their preclusion *(see, People v Pavao,* 59 NY2d 282, 292).

The defendant contends that the court's charge with regard to identification and reasonable doubt contained errors which prejudiced his case to the jury. However, defense counsel neither requested any additional charge nor excepted to the charge as given; therefore, the issue has not been preserved for appellate review *(see, People v Thompson,* 107 AD2d 772).

In any event, as a whole, the charge correctly conveyed the elements to be weighed when assessing the accuracy and veracity of identification testimony *(cf. People v Gardner,* 59 AD2d 913), as well as the correct standard for proof beyond a reasonable doubt, thus permitting the jury to apply the correct rules in arriving at its decision *(see, People v Russell,* 266 NY 147, 153).

We have reviewed the defendant's contention that his sentence was excessive and find it to be without merit. As noted, the defendant had an extensive criminal record, and the crime for which he stands convicted involved the use of a gun coupled with a brutal pistol-whipping, requiring medical treatment for the victim. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.