■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK FRUMERIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered August 2, 1984, convicting him of three counts of criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

As a result of a pretrial *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371), the prosecutor was permitted to cross-examine the defendant with respect to two of his prior convictions, including a very limited inquiry into the underlying

facts thereof. The defendant failed to take the stand, alleging that the jurors would most likely infer from his previous convictions a propensity on his part to commit crimes. Where, as here, the crime charged and the prior convictions are sufficiently dissimilar, the risk that the jury will draw from the evidence of prior convictions an inference of continued criminal propensity is remote *(People v Cuesta,* 119 AD2d 688). Even the fact that a prior offense is similar in nature to that for which a defendant is currently on trial does not mandate preclusion *(see, People v Gonzalez,* 111 AD2d 870, 871). Rather, the extent to which the prosecutor should be permitted to make use of prior convictions to impeach the credibility of a defendant is a matter generally left to the discretion of the trial court *(see, People v Bennette,* 56 NY2d 142; *People v Duffy,* 36 NY2d 258, 262, *cert denied* 423 US 861; *People v Scott,* 118 AD2d 881).

In the instant case, the trial court's ruling was not an abuse of discretion. At the outset of proceedings, defense counsel indicated that the defense proffered would be consent on the part of the complaining witness to the defendant's possession of the subject instruments. Inasmuch as said defense would be predicated upon the defendant's own testimony, credibility was made a focal issue. The defendant's prior convictions involving larceny and burglary were clearly probative on the issue of his credibility. By limiting the number of convictions which could be used for impeachment purposes, the trial court minimized the potential prejudice to the defendant. On these facts, the defendant failed to sustain his burden of demonstrating that the prejudicial impact of admitting certain of his prior convictions outweighed the probative value thereof as to warrant their exclusion *(see, People v Mackey,* 49 NY2d 274; *People v Sandoval, supra).*

Notwithstanding the defendant's contention that there was insufficient proof that he had knowledge that the subject checks were forged, we find the evidence to have been sufficient in quantity and quality to support the jury's verdict *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). While knowledge of forgery is not established by the mere possession of a forged instrument, guilty knowledge can be shown circumstantially by conduct and events *(People v Johnson,* 65 NY2d 556, 561).

A companion of the defendant testified that she had been with the defendant when he took a box of checks from the mailbox of Edward and Anna Lino. She and the defendant later planned to cash those checks at a store by forging the

Linos's names to them. The defendant's second victim, an acquaintance of his named Joseph Barreca, testified that the defendant had had access to his residence. Although Barreca's checking account was already closed at the time of the defendant's forgery, not all of the checks had been discarded. Barreca had, however, never given the defendant permission to sign, cash or possess any of those checks. The manager of the store at which the defendant had attempted to cash a second check drawn on the closed account testified that the defendant had identified himself as Barreca. Although the two checks forged on the Barreca account were written in a disguised form of writing, the police handwriting expert concluded that it was highly probable that the defendant had written both checks. Viewing the evidence, as we must, in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that the elements of the crimes charged were proven beyond a reasonable doubt (see, *People v Foster,* 64 NY2d 1144, *cert denied* — US —, 106 S Ct 166).

Nor are the issues raised in the defendant's *pro se* supplemental brief of any legal merit. Inasmuch as the defendant was returned to the courtroom before the court responded to certain inquiries made by the jury, there was no violation of his constitutional right to be present at all points of his trial at which his presence had a reasonably substantial relationship to his opportunity to defend against the charges (see, *People v Ciaccio,* 47 NY2d 431, 436; *People v Mullen,* 44 NY2d 1). By his failure to raise any objection prior to the discharge of the jury, the defendant's contentions concerning the court's delay in responding to the questions propounded by the jury have not been preserved for appellate review (see, CPL 470.05 [2]; *People v Mehmedi,* 118 AD2d 806), and, in view of the overwhelming evidence of guilt, review of those contentions in the interest of justice is not warranted. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.