■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WENDEL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered September 18, 1981, convicting him of burglary in the second degree and murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

It is well-settled law that an illegally obtained confession, voluntarily made, may be utilized by the prosecutor at trial for the limited purpose of attacking the defendant's credibility if he testifies *(People v Harris,* 25 NY2d 175, *affd* 401 US 222; *People v Ricco,* 56 NY2d 320; *People v Washington,* 51 NY2d 214). Here, after a *Huntley* hearing, the court ruled that the defendant's statement to the police should be suppressed because it was obtained without the benefit of counsel and the police conceded that they were aware of the fact that the defendant was represented by counsel on a prior charge. However, the court found the testimony of the police officers credible and no claim was made that the confession was obtained as a result of physical duress *(see, Mincey v Arizona,* 437 US 385) or legal compulsion *(see, New Jersey v Portash,* 440 US 450); thus, the trustworthiness of the statement was established at the hearing. Accordingly, the court properly

ruled that the statement could be used for impeachment purposes *(Harris v New York, supra)*.

Further, the court did not abuse its discretion in ruling, after a *Sandoval* hearing, that the People could inquire during cross-examination of the defendant as to the acts underlying two burglaries committed by him. Evidence of prior criminal, vicious or immoral conduct bears on the issue of credibility *(People v Sandoval,* 34 NY2d 371). The crime of burglary has been held to be particularly relevant on this issue *(People v Sandoval, supra; People v Wright,* 112 AD2d 179). Additionally, the fact that the crimes or conduct sought to be utilized on cross-examination are similar to the present offense, while highly relevant on the issue of prejudice, will not preclude their use *(see, People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *People v Hill,* 79 AD2d 641). Here, there is no indication on the record that the court abused its discretion, after hearing argument from both counsel as to the factors to be considered, in permitting cross-examination relating to those criminal acts.

The evidence adduced at trial was sufficient to permit a rational trier of fact to find the defendant guilty of the crimes charged *(see, People v Contes,* 60 NY2d 620, 621). The defendant made statements to several witnesses that he had committed the crime. In addition to the admissions, the defendant's fingerprint was found on the outside of the upstairs broken window of the victim's apartment, the roof shingles were loosened, blood was found next to the window and several witnesses testified that the defendant kept a stick in his car which was consistent with the murder weapon. Accordingly, sufficient evidence was adduced to support the guilty verdict.

While the admission of a videotaped demonstration of two individuals of approximately the same size as the defendant climbing through the kitchen window of the deceased's apartment may have been improper, it did not constitute reversible error.

We have considered the defendant's remaining contentions and find them to be either unpreserved or without merit. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.