■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY BROCK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered July 12, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant was confronted by three men, including the defendant, while walking on Nostrand Avenue in Brooklyn. One of the perpetrators, not the defendant, told the complainant, "I got a gun. You move I'll blow your head off". Thereafter, the defendant quickly grabbed two gold chains from the complainant's neck and ran down the street. The complainant gave chase for a short distance, without losing sight of him. The defendant then proceeded behind the steps of a building. When the defendant reappeared, he was holding a machete in his hand. At this point, the complainant requested that the defendant return the stolen jewelry. However, the defendant then threatened the complainant, as follows: "run, run, or else I'll chop your foot off". Needless to say, the complainant did not wait to see whether the defendant would carry out the threat.

On appeal, the defendant contends that the trial court should have instructed the jury not to consider the defendant's use of the machete as evidence of the force needed to convert a larcenous taking into robbery. The fulcrum of the defendant's argument is that the threat of force did not occur "immediately after the taking", as required by Penal Law § 160.00 (1). We disagree. Under the circumstances of the case at bar, the jury was presented with a clear question of fact as to whether the defendant's threat of force occurred within the time frame denominated by Penal Law § 160.00 (1), to wit, "immediately after the taking" *(see, People v Dekle, 83 AD2d 522, affd 56 NY2d 835)*. Inasmuch as the complainant chased the defendant immediately following the theft of his property, the jury's determination as to the defendant's guilt of robbery in the second degree was wholly supported by the evidence.

With respect to the *Sandoval* ruling, the trial court did not abuse its discretion in permitting the prosecutor to use part of the defendant's prior criminal record for impeachment purposes. It is well settled that the mere fact that a defendant

has committed crimes similar to the one in issue will not preclude the prosecutor from using that evidence for impeachment purposes *(see, People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *People v Gonzalez,* 111 AD2d 870, 871). Finally, we find no basis to disturb the sentence imposed. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.