■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAVIS, Appellant.—Ordered that the judgment of the Supreme Court, Kings County (Owens, J.), rendered January 11, 1985, is affirmed *(see, People v Harris,* 61 NY2d 9; *People v Kazepis,* 101 AD2d 816; *People v Morris,* 118 AD2d 595; *People v McClendon,* 114 AD2d 425; *People v Brown,* 110 AD2d 902). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. DEKOSKIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered April 27, 1984, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, the defendant's guilt was proven beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319; *People v Contes,* 60 NY2d 620, 621). The evidence, although circumstantial, was inconsistent with the defendant's innocence and excluded to a moral certainty every other reasonable hypothesis but his guilt *(see, People v Way,* 59 NY2d 361, 365; *People v Milea,* 112 AD2d 1011, *lv denied* 66 NY2d 921).

The People's cross-examination of the defendant with respect to a prior burglary conviction did not deprive him of a fair trial *(see, People v Pavao,* 59 NY2d 282, 292). The fact that a defendant may specialize in one type of criminal activity should not shield him from impeachment with prior similar convictions *(see, People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *People v Cherry,* 106 AD2d 458). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.