■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MAGEE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered October 21, 1983, convicting him of criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, viewing the evidence most favorably to the People and bearing in mind that issues concerning credibility and the weight of the evidence are to be determined by the jury, we find that the evidence adduced at trial was of sufficient quantity and quality to support the verdict (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Contes, 60 NY2d 620).

We also find no merit to the defendant's contention that the trial court abused its discretion in ruling that the People could inquire as to the defendant's past convictions including petit larceny, criminal mischief in the fourth degree and

resisting arrest *(see, People v Pavao,* 59 NY2d 282, 292; *People v Capone,* 114 AD2d 373; *People v Walters,* 116 AD2d 757). These crimes are clearly probative as to the issue of the defendant's credibility. Moreover, as we have noted previously, inquiry into the underlying facts of charges dismissed in satisfaction of a defendant's plea of guilty to other charges is permissible *(People v Capone, supra).*

We note that although the defendant has an extensive criminal history, the trial court restricted the prosecutor's questioning to those prior acts which demonstrated the defendant's furtherance of his own self-interest at the expense of society and bore on the issue of his credibility *(see, People v Pavao, supra; People v Sito,* 114 AD2d 1049). Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.