■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CEKJA, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered February 1, 1984, convicting him of attempted burglary in the second degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's pretrial Sandoval ruling permitting the People to cross-examine the defendant about the illegal acts underlying his prior youthful offender adjudication did not constitute an abuse of discretion. The record reveals that the court carefully balanced the probative weight of the evidence on the issue of the defendant's credibility against the risks that it might be viewed as evidence of criminal propensity or that it might deter the defendant from testifying. The fact that the prior offense was a youthful offender adjudication did not require its preclusion (see, e.g., People v Gonzalez, 111 AD2d 870, revd on other grounds 68 NY2d 424), nor did the fact that the prior offense was similar in nature to that for which the defendant was then currently on trial (see, People v Frumerin, 121 AD2d 736, lv denied 68 NY2d 812). The defendant's prior conviction demonstrated a determination to deliberately further his self-interest at the expense of society, and was clearly probative on the issue of credibility.

The defendant's contention that the trial court erred in refusing to charge simple trespass as a lesser included offense is without merit. There was no reasonable view of the evidence which would have allowed the jury to conclude that the defendant committed the lesser but not the greater offense. In any event, even if it were error for the court not to have charged the jury on simple trespass, the error would have been harmless under the circumstances since the jury was

instructed as to criminal trespass in the second degree and it rejected that lesser offense *(see, e.g., People v Ramos,* 110 AD2d 860).

Viewing the evidence in the light most favorable to the People, we find that it was sufficient as a matter of law to support the defendant's conviction of the crimes charged *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.