■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA PITTMAN HUDSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered December 20, 1985, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court's pretrial *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371), permitting the prosecutor to cross-examine the defendant concerning 2 of 5 prior convictions sought to be used by the prosecutor for impeachment purposes, in the

event the defendant testified at the trial, was not an abuse of discretion. The defendant had an extensive criminal record. Her prior convictions for forgery in the second degree and attempted criminal possession of a forged instrument in the second degree were clearly probative on the issue of her credibility (see, People v Sandoval, supra, at 377). It is well settled that the mere fact that a defendant has committed crimes similar to the one charged will not preclude the prosecutor from using that evidence for impeachment purposes (see, People v Pavao, 59 NY2d 282, 292; People v Rahman, 62 AD2d 968, affd 46 NY2d 882; People v Brock, 125 AD2d 401; People v Dekoskie, 125 AD2d 405; People v Gonzalez, 111 AD2d 870). By limiting the number of convictions which could be used for impeachment purposes, the trial court minimized the potential prejudice to the defendant (see, People v Magee, 126 AD2d 573; People v Frumerin, 121 AD2d 736; People v Johnson, 120 AD2d 615; People v Watts, 118 AD2d 671). The defendant failed to meet her burden of proving that the prejudice which would have resulted from admission of her two prior convictions outweighed their probative value on the assessment of her credibility so as to warrant their exclusion. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.