■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES BROOKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 11, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling, permitting the prosecutor to cross-examine the defendant with respect to the underlying facts of theft-related crimes, did not constitute an abuse of discretion *(see, People v Pavao,* 59 NY2d 282, 292). Questioning concerning other crimes is not automatically precluded simply because the crime to be inquired about is similar to that charged *(People v Pavao, supra; People v Rahman,* 46 NY2d 882). In balancing the probative weight of the evidence, the court properly determined that because the defendant's prior convictions involved theft of property, it was relevant on the question of credibility and demonstrated his willingness to deliberately further his self-interest at the expense of society *(People v Sandoval,* 34 NY2d 371, 377; *People v Pally,* 131 AD2d 889, *lv denied* 70 NY2d 753).

Furthermore, we find that the defendant was provided with meaningful and effective assistance by counsel at both the pretrial hearings and the trial *(see, People v Benn,* 68 NY2d 941, 942). Contrary to the defendant's contentions, the court properly declined to suppress the identification testimony of the victim because there was no issue of suggestiveness and not because of any failure on the part of counsel. The victim came upon the defendant as he burglarized her apartment and immediately recognized him as a resident of her apartment building and supplied the police with his last name. The station house viewing of a photographic array by the victim was "more in the nature of a confirmation rather than an identification" *(People v Fleming,* 109 AD2d 848, 849; *see also, People v Charles,* 111 AD2d 405). Moreover, the victim's selection of the defendant's photograph was not the result of any suggestive conduct on the part of the police, but the result of her own information *(see, People v Laguer,* 58 AD2d 610). Additionally, we note that the strategy adopted by defense counsel during the *Sandoval* hearing was not " 'outside the wide range of professionally competent assistance' " *(People v Harris,* 109 AD2d 351, 361, *lv denied* 66 NY2d 919).

We have examined the defendant's remaining contentions

and find them to be without merit. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.