■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY HORNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered October 27, 1982, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The testimony of the complainant established that he was confronted by the defendant and a group of 4 or 5 others at a bus stop. The complainant was threatened by one individual with a screwdriver and two others holding knives. The defendant then removed the complainant's wallet and watch. The jury credited the complainant's testimony. We find no reason in the record to warrant disturbing its determination in that regard, particularly in light of the complainant's ability to closely observe the defendant and the certainty with which he identified the defendant the next day to the arresting officers. The jury also rejected the testimony of the alibi witnesses and its determination to do so was not against the weight of the evidence (CPL 470.15 [5]; see, People v Azzara, 138 AD2d 495; People v Hooper, 112 AD2d 317, 318).

Additionally, we find that the court's pretrial Sandoval ruling (People v Sandoval, 34 NY2d 371), allowing the prosecutor to cross-examine the defendant, for impeachment purposes, concerning the illegal larcenous acts underlying his prior youthful offender adjudication (see, People v Greer, 42 NY2d 170, 176; People v Duffy, 36 NY2d 258, 264, cert denied 423 US 861), was not an abuse of discretion. It is well settled that "[t]he fact that the prior offense was similar in nature to

those for which the defendant was on trial did not mandate its preclusion [since] [t]he People have an interest in exploring a defendant's veracity, and the fact that he might specialize in one type of criminal activity should not shield him from impeachment" *(People v Gonzalez,* 111 AD2d 870, 871, *revd on other grounds* 68 NY2d 424; *see, People v Bennette,* 56 NY2d 142, 147; *People v Brock,* 125 AD2d 401, 402, *lv denied* 69 NY2d 824; *People v Frumerin,* 121 AD2d 736, 737, *lv denied* 68 NY2d 812; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

Finally, the defendant's argument that the court's resubmission instructions were prejudicial has not been preserved for review *(see,* CPL 470.05 [2]; *People v Tucker,* 55 NY2d 1, 9, *rearg denied* 55 NY2d 1039). In any event, the supplemental instructions were proper. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.