■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered April 23, 1987, convicting him of burglary in the third degree, grand larceny in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling, which permitted the prosecutor to cross-examine the defendant with respect to 8 of 17 prior convictions, was not an improvident exercise of discretion. The previous convictions involving theft demonstrated the defendant's willingness to place his own interests ahead of the interests of society, thereby impacting directly upon the issue of the defendant's credibility *(see, People v Sandoval,* 34 NY2d 371). The similarity between the prior crimes and the crimes charged does not automatically preclude inquiry *(see, People v Pavao,* 59 NY2d 282, 292; *People v Torres,* 110 AD2d 794, 795). Moreover, the prior convictions were not so remote in time as to require preclusion of cross-examination regarding them *(see, People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.