■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EUGENE WINFIELD, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered July 31, 1984, convicting him of grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371), which permitted the prosecutor to cross-examine the defendant for impeachment purposes concerning the underlying facts of certain prior convictions involving primarily theft-related crimes, in the event the defendant testified at the trial, was not an improvident exercise of discretion. The defendant has an extensive criminal record. The mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes *(see, People v Pavao,* 59 NY2d 282, 292; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). The prior convictions were highly relevant on the issue of credibility and demonstrated the defendant's willingness to deliberately further his self-interest at the expense of society *(see, People v Sandoval, supra,* at 377; *People v Brooks,* 139 AD2d 657, 658). The trial court minimized the potential prejudice to the defendant by limiting the number of convictions which could be used for impeachment purposes *(see, People v Pavao,* 59 NY2d 282, *supra; People v Hudson,* 134 AD2d 615; *People v Magee,* 126 AD2d 573) and by indicating that it would charge the jury as to the limited use that it might make of such evidence.

Similarly unavailing is the defendant's claim that the evidence adduced by the People was legally insufficient to prove beyond a reasonable doubt that he stole a credit card. Specifically, the defendant asserts that there was no proof of the validity of the allegedly stolen credit card which factor he claims was an essential element of the crime of grand larceny in the third degree as charged under Penal Law § 155.30 (4). For purposes of this statute, it is immaterial whether the credit card in question either had expired, or whether it had previously been canceled or revoked *(see, People v Timmons,* 124 Misc 2d 766, 770). The case of *People v Ames* (115 AD2d 545, *lv denied* 67 NY2d 759) is inapposite as the wallet stolen therein was not recovered and, therefore, the theft of items, including a credit card, contained in the wallet was placed in issue. At bar, the stolen wallet was recovered and the stolen credit card was admitted into evidence at the trial, thereby providing proof of the theft.

Finally, the trial court did not err in refusing to charge the jury on the crime of petit larceny as a lesser included offense of grand larceny in the third degree since there was no reasonable view of the evidence upon which the jury could have found the defendant guilty of petit larceny but not of

grand larceny (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61; *People v Salters,* 75 AD2d 901, *affd* 52 NY2d 1061). Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.