■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KYSER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered October 30, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

With respect to the defendant's argument that he was foreclosed from testifying based upon the court's *Sandoval* ruling, we note that the prosecution may inquire as to the facts underlying a youthful offender adjudication to impeach the defendant's credibility as long as no mention is made as to the ultimate disposition (*see, People v Greer,* 42 NY2d 170; *People v Cook,* 37 NY2d 591). The previous felony conviction as well as the youthful offender adjudication demonstrated the defendant's willingness to place his own interests ahead of those of society, thereby directly impacting upon the issue of his credibility (*see, People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371; *People v Ortiz,* 143 AD2d 107), and the similarity between the prior crimes and the crime charged

does not automatically preclude inquiry *(see, People v Rah-man, supra; People v Sandoval, supra)*. The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter of discretion for the hearing court, whose determination should not be disturbed absent an abuse of such discretion *(see, People v Williams,* 56 NY2d 236; *People v Bennette,* 56 NY2d 142; *People v Pollock,* 50 NY2d 547).

With respect to the defendant's claim that the court should have charged the jury on the lesser included offense of attempted robbery in the second degree, we note that it is beyond cavil that to establish entitlement to a charge on a lesser included offense the defendant must show (1) that the additional offense is indeed a lesser included one and (2) that a reasonable view of the evidence would support a finding that he committed the lesser but not the greater offense *(see,* CPL 300.50; *People v Blim,* 63 NY2d 718; *People v Glover,* 57 NY2d 61). In the instant case, the first prong of the test was satisfied as attempted robbery in the second degree is a lesser included offense of robbery in the second degree. The defendant has failed, however, to satisfy the second requirement. Viewing the evidence in the light most favorable to the defendant, a guilty verdict on the charge of attempted robbery in the second degree would have been unsupportable by any reasonable view of the evidence. The testimony given by the victim and his two friends, who were witnesses to the robbery, established that the defendant threatened the victim with violence if he failed to relinquish his chain and that he permitted his confederate to loom over the victim with his hand in his pocket in such a manner that the victim and his friends believed that the defendant's cohort had a gun. At best, the evidence showed that the defendant was willing to rely on the threat of violence to coerce the victim to turn over the chain.

The mere fact that the defendant's ally took the chain after the defendant had agreed to wait for the victim to turn it over when they reached the train station did not operate to transform the common scheme into the accomplice's private venture. Although the defendant did not run up the stairs with his partner, he did leave the subway from the same door, hid in another car and pretended to be asleep when the police arrived. The mere fact that the two failed to run in the same direction is insufficient to establish a renunciation of the robbery by the defendant and an independent act on the part of the accomplice. Under the facts, submission of a charge as to attempted robbery in the second degree was unwarranted

and would have permitted the jury to resort to sheer speculation *(see, People v Discala,* 45 NY2d 38, 43).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Baldo,* 107 AD2d 751). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.