■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN REYNOLDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 21, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the People failed to prove his identity as the perpetrator of the crime charged. Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People, using the testimony of the complainant and his wife, proved that the defendant was among a group of four men who rushed the complainant's van, opened the door of the van, pulled the complainant out, and robbed him of jewelry and cash. Both the complainant, who was only two feet from the defendant, and his wife had an ample opportunity to observe the defendant under the bright street lights. Furthermore, the complainant and his wife had seen the defendant previously in their neighborhood. Upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the court abused its discretion in making its *Sandoval* ruling is without merit. The court's ruling that the People could cross-examine the defendant concerning the underlying facts of certain prior convictions involving primarily theft-related crimes was not an improvident exercise of discretion. "The mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes" *(People v Winfield,* 145 AD2d 449, 450). The prior convictions are "rele-

vant on the issue of credibility and demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society" *(People v Winfield, supra,* at 450).

Finally, the sentence imposed upon the defendant was not unduly harsh *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.