THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE WOODS, Appellant.—

The defendant stands convicted of robbery in the first degree and grand larceny in the third degree based upon a robbery on December 20, 1986, of a Genovese Drug Store located in West Hempstead, New York. Three eyewitnesses who were employees of the drugstore identified the defendant as the perpetrator of the crime. The record establishes that they each observed the defendant, at close range, for several minutes, in a well-lit area, during the course of the commission of the crime. Moreover, one of the witnesses had dealt with the defendant on two prior occasions, once when he returned an item he had previously purchased in the drugstore, and a second time when he sought to apply for a job at the store. Based on the foregoing, we find that the in-court identifications of the defendant by the three eyewitnesses were properly admitted since they were supported by an independent source. Additionally, any error in the admission of evidence concerning the allegedly tainted pretrial lineup identification procedure must be deemed harmless beyond a reasonable doubt, in light of the overwhelming evidence of the defendant's guilt *(see, People v Owens,* 74 NY2d 677; *People v*

*Crimmins,* 36 NY2d 230, 237; *see also, People v Dubois,* 140 AD2d 619, 623).

We further find that the trial court did not improvidently exercise its discretion in ruling that the prosecution would be permitted to cross-examine the defendant regarding two prior robbery convictions, if he chose to testify at the trial. It is well settled that the "mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes" *(People v Winfield,* 145 AD2d 449, 450; *see also, People v Ortiz,* 143 AD2d 107; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). The defendant's prior convictions were highly relevant with respect to the issue of his credibility since they demonstrated his willingness to further his self-interest at the expense of society *(see, People v Sandoval,* 34 NY2d 371, 377; *People v Brooks,* 139 AD2d 657, 658). Accordingly, the defendant's challenge to the propriety of the court's *Sandoval* ruling must be rejected and the judgment of conviction affirmed. Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.