■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY HARRIS, Appellant.—Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered May 12, 1988, convicting defendant, after a jury trial, of four counts of sodomy in the first degree and sentencing him, as a predicate violent felony offender, to concurrent indeterminate terms of imprisonment of 12½ to 25 years on counts 2 and 3 of the indictment to run consecutively to the indeterminate 12½-to-25-year terms imposed on counts 7 and 9, said sentences to run consecutively to each other and to owed parole time, unanimously affirmed.

On appeal from his convictions, which arise from sexual assaults on three different victims, which were committed on three different occasions in September and October 1987 in the same housing project on East 28th Street, defendant contends that the trial court, in its *Sandoval* ruling, abused its discretion in failing to limit the scope of cross-examination with respect to defendant's past crimes, and that the sentence imposed is excessive.

The similarity between the crimes charged and defendant's past convictions posed a special problem for the court, but the mere fact that defendant's prior convictions were, in the main, sex crimes, did not insulate him from cross-examination regarding them. *(See, People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882.)* Further, there is nothing in the record that shows that the court did not undertake a proper balancing test. Defendant's prior felony convictions, two rapes, one sodomy, and one robbery, followed defendant's guilty plea that satisfied an indictment containing charges arising out of 14 separate sexual attacks. The court limited cross-examination to the nature of the convictions and to the sentence that was im-

posed, barring any examination of the underlying facts or circumstances. Accordingly, we find that the court's determination was a sound exercise of its discretion. *(See, People v Sandoval,* 34 NY2d 371, 374.)* Likewise, the sentences imposed were entirely just. Defendant was convicted after trial of three most heinous crimes. Once he had been found guilty, the court was free to impose a sentence greater than the one offered to defendant by the prosecutor before trial. *(See, People v Pena,* 50 NY2d 400, 411-412.)* We further note the trial court's expressed unwillingness to accept the plea bargain that had been offered to and rejected by defendant. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.