■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered July 9, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission into evidence of the interlocking confession of the codefendant Leonis West undermined his attempts to contest the voluntariness of his written statement and that reversal is therefore warranted. We disagree. Although pursuant to *Cruz v New York* (481 US 186), the trial court erred in denying the defendant's motion

for a severance, that error does not, under the circumstances, require reversal of the judgment of conviction.

Where a Confrontation Clause violation is involved, the error under review will be deemed harmless only where it can be said that it was harmless beyond a reasonable doubt *(see, Harrington v California,* 395 US 250; *People v Smalls,* 55 NY2d 407).* To satisfy that criterion, there must be overwhelming proof of guilt and no reasonable possibility that the jury would have acquitted the defendant but for the error *(People v Crimmins,* 36 NY2d 230). This court has already determined that the admission of the defendant's statement against the codefendant West was harmless beyond a reasonable doubt *(see, People v West,* 137 AD2d 855, *affd* 72 NY2d 941). Since the evidence of the defendant's guilt was even stronger than that of West's insofar as it additionally included a lineup and in-court identification of the defendant as one of the perpetrators, we determine that any error arising from the admission of West's statement into evidence against the defendant was likewise harmless beyond a reasonable doubt *(see, People v Crimmins, supra).*

We note further that while the prosecutor's summation did contain some improper and potentially prejudicial remarks, the trial court's prompt curative instructions served to correct these improprieties *(see, People v West, supra; see also, People v Berg,* 59 NY2d 294; *People v Cuesta,* 119 AD2d 688).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.