■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HIGHTOWER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered April 14, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the trial court improperly exercised its discretion in its *Sandoval* ruling that the People could inquire as to the defendant's past five out of seven convictions *(see, People v Aguilera*, 156 AD2d 698; *People v Ortiz*, 143 AD2d 107; *People v Magee*, 126 AD2d 573, 574; *see also, People v Pavao*, 59 NY2d 282, 292). The defendant's convictions demonstrated his willingness to place his own interests ahead of those of society, and were therefore directly relevant to the issue of his credibility had he testified *(see, People v Ortiz, supra; People v Sandoval*, 34 NY2d 371). Moreover, as we have noted previously, inquiry into the underlying facts of charges dismissed in satisfaction of a defendant's plea of guilty to other charges is permissible *(see, People v Magee, supra; People v Capone*, 114 AD2d 373).

Furthermore, although it was improper for the trial court to rule that the prosecutor could cross-examine the defendant as to his use of aliases in prior convictions unrelated to the crimes in question, this error was harmless in view of the overwhelming proof of the defendant's guilt based on the trial testimony by undercover police officers of two separate sales of cocaine by him *(see, People v Jimenez*, 79 AD2d 1012, *mod on other grounds* 55 NY2d 895; *People v Crimmins*, 36 NY2d 230).

To the extent that the *Sandoval* ruling permitted inquiry into the defendant's recent arrest for which no disposition had been made, the error, if any, was harmless *(People v Boyd*, 149 AD2d 939).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.