■ The People of the State of New York, Respondent, v Tracy Moore, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 3, 1987, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The defendant was given his Miranda warnings and was asked, "Do you 'wanna' speak to me?" The defendant's negative response invoked his Fifth Amendment right to remain silent but not his Sixth Amendment right to counsel (see, People v Gamble, 129 AD2d 470, affd 70 NY2d 885). Some hours later, and upon his own initiative, the defendant stated that he wished to talk to the police and volunteered a statement. Since the defendant's right to remain silent had been

"scrupulously honored" by the police in the interim, his subsequent voluntary statement was properly admitted into evidence *(see, Miranda v Arizona,* 384 US 436, 479; *Michigan v Mosley,* 423 US 96; *People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007).

Moreover, the trial court's *Sandoval* ruling was not an improvident exercise of discretion. Despite the fact that the defendant's prior theft offenses were similar in nature to the crime with which he was charged, their prejudicial effect was outweighed by their probative value since theft offenses are highly relevant on the question of a defendant's credibility and willingness to further his self-interest at the expense of society *(see, People v Winfield,* 145 AD2d 449; *People v Wendel,* 123 AD2d 410; *People v Wright,* 112 AD2d 179).

The defendant's contention that the sentence imposed was excessive is without merit *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.