■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT K. SHEPPARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered July 31, 1986, convicting him of robbery in the first degree (two counts) and burglary in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Confrontation Clause (US Const 6th Amend) bars the admission at a joint trial of a nontestifying codefendant's confession which serves to incriminate the defendant *(see, Bruton v United States,* 391 US 123). At the trial, the codefendant Mark Davis's statement was admitted into evidence. The

defendant's statement, which was identical to the codefendant Davis's statement, was also introduced into evidence. We find that the court erred by permitting the codefendant's statement to be introduced into evidence. However, since the defendant's own statement may be considered on appeal in assessing whether the Confrontation Clause violation was harmless *(see, Cruz v New York,* 481 US 186; *People v Hamlin,* 71 NY2d 750; *People v Garcia,* 151 AD2d 500), and since the defendant's statement was identical to that of the codefendant, we find the admission of Davis's statement to be harmless *(see, People v Hamlin, supra).* There is no reasonable possibility that the jury would have acquitted the defendant had the codefendant's statement not been admitted in evidence *(see, People v Hamlin, supra).*

We have examined the defendant's contention that the sentence imposed was excessive and find it to be without merit *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.