■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CYRUS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 1, 1986, convicting him of attempted

robbery in the first degree, attempted robbery in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree under Queens County Indictment No. 5629/85, and imposing sentence, and (2) an amended judgment of the Supreme Court, Kings County (Corriero, J.), rendered March 19, 1987, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree under Kings County Indictment No. 2078/84. The appeal under Queens County Indictment No. 5629/85 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contentions, the record establishes that he did not invoke his right to counsel prior to making an incriminatory statement to the police. The evidence adduced at the suppression hearing reveals that after the defendant was given his *Miranda* rights, he responded negatively when asked if he wished to "answer questions". As we have recently held within a similar context, the defendant's negative response to the foregoing inquiry, while sufficient to invoke his right to remain silent, did not constitute an invocation of his right to counsel *(see, People v Moore,* 168 AD2d 463; *cf., People v Gamble,* 70 NY2d 885). Nor was the defendant's subsequently-obtained inculpatory statement secured in violation of his right to remain silent. The record discloses that after initially declining to answer questions, the defendant spontaneously stated that he had changed his mind and would think about whether he might be willing to speak with the police. After permitting approximately 9 hours to elapse prior to approaching the defendant, the police again administered *Miranda* warnings, and the defendant thereupon indicated his intention to answer questions and provided an inculpatory statement. Since the police "scrupulously honored" the defendant's initial invocation of his right to remain silent *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Moore, supra),* the subsequent admission of his voluntarily-obtained statement was proper.

Although the trial court erred in admitting the incriminatory statement of the defendant's nontestifying codefendant

*(see, Cruz v New York,* 481 US 186) the error is unpreserved for appellate review, and, in any event, was harmless in light of the overwhelming evidence of guilt. The record reveals in this respect that the defendant's statement was even more detailed than that provided by his codefendant. In light of the foregoing, and considering the strength of the People's case, we conclude that there was no reasonable possibility that the jury would have acquitted the defendant had the co-defendant's statement not been admitted into evidence *(see, People v Hamlin,* 71 NY2d 750; *Cruz v New York, supra; People v Sheppard,* 168 AD2d 585; *People v Brown,* 163 AD2d 405).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.