■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES OUTLAW, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered August 2, 1989, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court erred when it refused to charge the lesser included offense of criminal trespass. We disagree. After viewing the evidence in a light most favorable to the defendant, we find that there is no reasonable view of the evidence which supports the conclusion that the defendant committed a criminal trespass but did not commit burglary in the third degree *(see,* CPL 300.50 [1]; *People v Blim,* 63 NY2d 718; *People v Martin,* 59 NY2d 704; *People v Glover,* 57 NY2d 61).

Moreover, the trial court's *Sandoval* ruling was not an improvident exercise of discretion. Even though the defendant's prior theft offenses were similar in nature to the crime with which he was charged, their prejudicial effect was outweighed by their probative value since theft offenses are highly relevant on the question of the defendant's credibility and willingness to further his own interests at the expense of society *(see, People v Moore,* 168 AD2d 463; *People v Winfield,* 145 AD2d 449; *People v Wendel,* 123 AD2d 410; *People v Wright,* 112 AD2d 179).

Further, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt

beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.