■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE JAMES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of third degree sale of cocaine to an undercover police officer. The exchange took place under the back door of a residence. Defendant contends that the failure of the officer to preserve certain photographs of the residence requires dismissal of the indictment. Defendant also contends that the trial court erred in its Sandoval

ruling *(see, People v Sandoval,* 34 NY2d 371) and in allowing evidence of uncharged crimes. All of those contentions lack merit. The drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence *(People v Kelly,* 62 NY2d 516, 521). Here, the court liberally allowed defendant to admit several photographs of the residence and there was no showing that the missing photographs would have indicated any more relevant information. The court's *Sandoval* ruling was proper. Questioning is not precluded simply because the crime inquired about is similar to the crimes charged *(see, People v Rahman,* 46 NY2d 882; *People v Sorge,* 301 NY 198, 200). The court also properly allowed police officers to testify that, while executing a search warrant, they found four bags of cocaine packaged for sale in the living room. That evidence was probative to show that the residence was used for the sale of drugs. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.