■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO DELGADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered January 8, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with several crimes, including unauthorized use of a vehicle in the first degree. On appeal, the defendant argues that the court's Sandoval ruling was improper because it allowed the prosecutor to cross-examine him concerning a prior conviction for unauthorized use of a vehicle. We disagree.

Unauthorized use of a vehicle is an offense related to theft (see, Penal Law § 165.08). This court has noted on many occasions that a defendant's convictions relating to theft are "particularly" or "highly" relevant to his credibility and willingness to further his self-interest at the expense of society

*(People v Moore,* 168 AD2d 463; *People v Winfield,* 145 AD2d 449; *People v Wendel,* 123 AD2d 410; *People v Wright,* 112 AD2d 179). Further, the fact that a defendant specializes in one type of criminal activity should not shield him from impeachment *(see, People v Fana,* 142 AD2d 684; *People v Pavao,* 59 NY2d 282; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

In any event, as the People note, in light of the fact that the charge of unauthorized use of a vehicle in the first degree was dismissed before the case was submitted to the jury, any error in the court's *Sandoval* ruling was harmless. Clearly, the jurors' knowledge of the defendant's prior conviction was not used to convict the defendant of a similar crime.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.