■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURAN THOMAS, Also Known as DURAN CLARK, Appellant. [782 NYS2d 798]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered July 14, 2000, convicting him of criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]), which permitted the prosecutor to inquire, inter alia, about the defendant's use of two aliases upon his arrest, was not reversible error. There is no per se rule prohibiting the cross-examination of a defendant concerning his or her past use of aliases (*see People v Rodriguez,* 268 AD2d 446, 447 [2000]; *People*

*v Roberts*, 163 AD2d 120 [1990]). Since the evidence was probative of the defendant's credibility, as it demonstrated his willingness to employ deception to place his own interests above those of society, the Supreme Court providently exercised its discretion in ruling that evidence of the defendant's past use of aliases would be allowed if the defendant testified at the trial (*see People v Walker*, 83 NY2d 455, 460 [1994]; *People v Taylor*, 253 AD2d 471 [1998]; *People v Johnson*, 249 AD2d 417 [1998]; *People v Santiago*, 251 AD2d 239 [1998]; *cf. People v Hightower*, 163 AD2d 489 [1990]).

The defendant's remaining contentions are without merit. Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.