People v Baldwin (2018 NY Slip Op 08675)





People v Baldwin


2018 NY Slip Op 08675


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02198
 (Ind. No. 72660/15)

[*1]The People of the State of New York, respondent,
v
Anthony Baldwin, appellant.


The Legal Aid Society, New York, NY (Jonathan Garelick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered December 21, 2016, convicting him of failure to obey a traffic-control device, obstructing governmental administration in the second degree, and resisting arrest, upon a jury verdict, and imposing sentencing.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50.
The defendant challenges the Supreme Court's rulings permitting the People to cross-examine him, in the event he were to testify, regarding a prior conviction for resisting arrest and prior alleged instances where he used aliases. However, we agree with the court's determination that the defendant's prior conviction for resisting arrest showed the defendant's willingness to place his interests above those of society (see People v Navarro, 158 AD3d 1242, 1244; People v Salsbery, 78 AD3d 1624, 1626; People v Hunter, 180 AD2d 752, 752-753). The prior conviction was not so remote in time as to mandate preclusion, and the court avoided any undue prejudice to the defendant by prohibiting the prosecutor from eliciting the underlying facts of the conviction (see People v Lombardo, 151 AD3d 887, 887-888; People v Wallace, 128 AD3d 866, 867). The fact that the prior conviction was identical in nature to one of the charged offenses, without more, did not warrant its preclusion (see People v Lombardo, 151 AD3d at 887; People v Fowler, 194 AD2d 551, 552). Thus, the court's Sandoval (see People v Sandoval, 34 NY2d 371, 378) ruling to permit the People to cross-examine the defendant, in the event he were to testify, about the existence and nature of his prior conviction for resisting arrest was an appropriate exercise of discretion.
Although the defendant correctly contends that information as to whether he previously used any aliases was not admissible under the Supreme Court's Molineux ruling (see People v Molineux, 168 NY 264), the People did not introduce such evidence at trial. Moreover, the court's ruling was limited to allowing the People to question the defendant, if he chose to testify, as to whether he previously used any aliases or names other than his birth name. Thus, to the extent that the defendant contends that the ruling affected his decision not to testify at trial, we note that, under Sandoval (see People v Sandoval, 34 NY2d at 378), the evidence would have been admissible [*2]to impeach his credibility on cross-examination (see People v Walker, 83 NY2d 455, 461-462; People v Thomas, 11 AD3d 569, 570). The defendant also failed to demonstrate that the prejudicial effect of admitting these alleged prior bad acts for impeachment purposes outweighs the probative value of such evidence on the issue of credibility so as to warrant exclusion of such evidence (see People v Sandoval, 34 NY2d at 378; People v Crooks, 118 AD3d 816, 817).
The defendant's contention that the People failed to establish by legally sufficient evidence that he intentionally prevented or attempted to prevent a public servant from performing an official function in order to prove beyond a reasonable doubt the charge of obstructing governmental administration in the second degree is not preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of the crime of obstructing governmental administration in the second degree. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court