■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO NATAL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered June 24, 1986, convicting him of burglary in the second degree, grand larceny in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's motion to suppress physical evidence, which had remained in the possession of officials of the Westchester County Jail after it had been taken from him at the time of his arrest, based upon the alleged misuse of the prosecutor's subpoena power. The subject evidence was properly obtained and was not the product of an illegal search or seizure (see, People v Sobolof, 109 AD2d 903, 905-906). Where, as here, the greater intrusion

upon the defendant's privacy by means of his arrest was justified, "a lesser related intrusion is unobjectionable" *(People v Perel,* 34 NY2d 462, 465). We note, moreover, that the physical evidence introduced at trial did little to reinforce the eyewitness's uncontroverted testimony regarding the defendant's involvement in the burglary and his subsequent in-court identification of the defendant. Under the circumstances, any alleged error surrounding the introduction of the physical evidence was harmless in light of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230) and did not deprive the defendant of a fair trial.

"It is well settled that the mere fact that a defendant has committed crimes similar to the one in issue will not preclude the prosecution from using that evidence for impeachment purposes" *(People v Brock,* 125 AD2d 401, *lv denied* 69 NY2d 824; *accord, People v Pavao,* 59 NY2d 282, 292). Moreover, convictions involving the theft of property are highly relevant to the issue of credibility *(People v Smalls,* 128 AD2d 907). Accordingly, the trial court's *Sandoval* ruling was not an abuse of discretion.

We have considered the remaining claims of error and have found them to be either waived *(see,* CPL 270.15 [4]; 270.35) or without merit *(see, People v Williams,* 63 NY2d 882; *People v Simmons,* 114 AD2d 476). Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.