■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIEN KUETHMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered January 26, 1988, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court's *Sandoval* ruling does not warrant reversal of the judgment of conviction. It is settled that "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" *(People v Pavao,* 59 NY2d 282, 292; *see also, People v Natal,*

144 AD2d 587, 588, *lv granted* 74 NY2d 667; *People v Smalls,* 128 AD2d 907; *People v Brock,* 125 AD2d 401). In this case, the defendant's prior convictions involved theft of property and, thus, were highly relevant to the issue of credibility *(see, People v Natal, supra,* at 588; *People v Smalls, supra).* Accordingly, the trial court's ruling was not an improvident exercise of discretion *(see, People v Sandoval,* 34 NY2d 371, 377).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80), and we decline to reduce it in the exercise of our interest of justice jurisdiction. Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.