◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered January 13, 1988, convicting him of burglary in the second degree, robbery in the third degree, attempted robbery in the third degree, and criminal possession of stolen property in the second degree, upon jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of criminal possession of stolen property in the second degree to criminal possession of stolen property in the fifth degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

We disagree with the defendant's assertion that the trial court's *Sandoval* ruling warrants reversal. Generally, questioning regarding other crimes is not automatically precluded

merely because the crimes to be inquired about are similar to the current crimes charged *(see, People v Pavao,* 59 NY2d 282, 292; *People v Woods,* 158 AD2d 566; *People v Dupree,* 148 AD2d 465).* At bar, since the defendant's prior convictions involved theft of property, they were highly probative of his willingness to advance his self-interest at the expense of others, and are relevant to the issue of credibility *(see, People v Natal,* 144 AD2d 587, 588, *lv granted* 74 NY2d 667). In light of the foregoing, we find that the trial court's ruling was not an improvident exercise of discretion *(see, People v Sandoval,* 34 NY2d 371, 377).

However, the defendant's conviction of criminal possession of stolen property in the second degree was improper and must be reduced to criminal possession of stolen property in the fifth degree in light of an amendment to the applicable statute effective November 1, 1986 *(see,* Penal Law § 165.40). Thus, as conceded by the People, the matter must be remitted to the Supreme Court, Queens County, for resentencing.

We have considered the defendant's remaining contentions and find them to be without merit *(People v Suitte,* 90 AD2d 80).* Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.