■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TARLETON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered March 30, 1990, convicting him of assault

in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's argument that the trial court's *Sandoval* rulings warrant the reversal of his conviction. The court's ruling that it would permit the People to inquire about the defendant's prior convictions of attempted robbery and invalid use of a credit card with intent to defraud, even though the indictment in the instant case charged the defendant with robbery and alleged that he removed credit cards from the complainant, was not an improvident exercise of discretion. Questioning regarding other crimes is not automatically precluded merely because the other crimes are similar to the crimes charged *(People v Pavao,* 59 NY2d 282; *People v Scott,* 161 AD2d 738; *People v Woods,* 158 AD2d 566). The defendant's prior convictions involved theft of property, and, on balance, their probative worth on the issue of his credibility far outweighed the risk of unfair prejudice to him. With respect to the defendant's prior conviction for rape, the trial court adopted a compromise by ruling that should the defendant take the stand, the People would only be permitted to inquire whether he had ever been convicted of a felony.

We also disagree with the defendant's assertion that the court's sentence was based upon improper considerations. The defendant was concededly adjudicated a persistent violent felony offender, and the sentence imposed was statutorily permitted. Under the circumstances, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.