THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY JOHNS, Appellant

The defendant contends that the trial court erred by responding to a jury note requesting the definition of the term to "enter" a dwelling, by adapting the definition set forth in a prior legal opinion. However, a trial court may quote from prior opinions "where the quoted language artfully expresses general and well-recognized legal principles" *(People v Hommel,* 41 NY2d 427, 429). We find that the court properly chose to respond to the jury's request for information *(see,* CPL 310.30), and that its response to the jury note was not error *(see, People v King,* 61 NY2d 550).

We note that the screwdriver introduced into evidence at the trial did little to reinforce the eyewitness's testimony regarding the defendant's involvement in the burglary and his subsequent in-court identification of the defendant. Under the circumstances, any alleged error surrounding the introduction of the physical evidence was harmless in light of the overwhelming evidence of the defendant's guilt, and did not deprive the defendant of a fair trial *(People v Crimmins,* 36 NY2d 230; *People v Shipman,* 156 AD2d 494; *People v Natal,* 144 AD2d 587, *affd* 75 NY2d 379, *cert denied* — US —, 111 S Ct 169).

We find that the defendant's sentence was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to address them in the exercise of our interest of justice jurisdiction. Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.