■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN CAMMORTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 14, 1990, convicting him of criminal possession of stolen property in the third degree, criminal mischief in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 9, 1990, at about 7:40 P.M., two police officers in plainclothes, driving an unmarked vehicle, observed the defendant driving a black "Chevy Blazer" without license plates and saw him execute a U-turn at high speed through a red light. The officers activated their siren and turret light and pursued the defendant's vehicle. The defendant was apprehended following a high-speed chase during which the vehicle he was driving struck another police car in the rear.

The defendant claims that the People failed to prove that

the vehicle was stolen, an essential element of the criminal possession charge. At the trial one police officer testified as to the vehicle identification number (hereinafter VIN number) of the automobile the defendant was driving. The security director of the Major Chevrolet lot, located at 43-40 Northern Boulevard, testified that on February 5, 1990, a car, having the same VIN number as that testified to by the officer, was taken from the lot. On cross-examination this witness admitted that in reciting the VIN number on direct examination he relied on information he received from the prosecutor in this case. Nevertheless, he also testified that: "when I was conducting the investigation to make sure that that was the specific vehicle stolen, I looked at the invoice for the vehicle, and the VIN number of the vehicle is on the invoice * * * I compared that information to the information reported to the police department to make sure that we reported the correct vehicle". Thus, although the initial testimony as to the VIN number was hearsay, the necessary connection was supplied as the result of questions put to the witness by the defense.

The defendant also asserts that another essential element of this crime—his knowledge that the vehicle was stolen—was not proven. However, this contention is not preserved for appellate review (see, e.g., People v Colavito, 70 NY2d 996) and we decline to review it in the exercise of our interest of justice jurisdiction (see, CPL 470.15 [6]).

The defendant's contention that the People failed to prove the elements of criminal mischief in the third degree (Penal Law § 145.05) is also unpreserved for appellate review and, in any event, is without merit since the evidence presented clearly established that the defendant intended to damage the police car when he struck it in the rear during the high-speed chase.

Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's claim that the court improperly refused to charge criminal mischief in the fourth degree as a lesser included offense of criminal mischief in the third degree is also without merit. A person is guilty of criminal mischief in the third degree when, with intent to damage the property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages the property of another person in an amount exceeding $250 (Penal Law § 145.05). To prove the crime of criminal mischief in the fourth degree the same elements need to be established

except that the damages do not have to exceed $250 (Penal Law § 145.00 [1]). The evidence in this case clearly established that the damages sustained by the police car exceeded $250 *(cf., People v Jackson,* 168 AD2d 633). Accordingly, there is no reasonable view of the evidence in this case that would support a finding that the defendant committed the lesser offense but not the greater *(see, People v Glover,* 57 NY2d 61) and, therefore, the lesser included offense did not have to be charged.

The court's *Sandoval* ruling does not warrant reversal. Generally, questioning regarding other crimes is not automatically precluded merely because the crimes to be inquired about are similar to the current crimes charged *(see, People v Pavao,* 59 NY2d 282, 292; *People v Scott,* 161 AD2d 738). At bar, since the defendant's prior convictions involved theft of property and related offenses, they were highly probative of the defendant's willingness to advance his self-interest at the expense of others, and were relevant to the issue of credibility *(see, People v Scott, supra; People v Woods,* 158 AD2d 566; *People v Kuethman,* 156 AD2d 472).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Wood,* 66 NY2d 374, 380; *People v Foster,* 164 AD2d 894). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.