(March 10, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS LEVY, Appellant. [608 NYS2d 466] —Judgment, Supreme Court, New York County (Albert Williams, J.), rendered March 25, 1992, which convicted defendant, after a trial by

jury, of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree, and sentenced him, as a second felony offender, to respective concurrent terms of 2 to 4 years and 1 year, unanimously reversed, on the law, and the matter remanded for a new trial.

The incident which led to the within prosecution arose in the early morning hours of September 10, 1991, when a fight broke out at the Club Negrille on West 43rd Street in Manhattan. The fight moved outside, where a large crowd gathered. There, Police Officer Joseph Iacono observed a woman, in the middle of the street, bend down and pick up a set of car keys. She approached two men who, after she spoke to them, indicated "no" by shaking their heads. She then approached a group of six young men, including defendant, and spoke with one Robert Jones, who smacked her in the face and took the keys from her.

Officer Iacono watched as the group passed the keys around, each pressing on the remote control device attached to the key ring. After the group travelled up and down the block, the officer saw the lights flash on a 1989 Jeep Wrangler while the remote was in Jones' hand. At that point, the group exchanged "high-fives" and then looked up and down the block. After the other police vehicles left, and Iacono moved his vehicle into a spot where he could not be observed, Jones entered the Jeep on the driver's side and defendant entered on the passenger side. As soon as they started to drive away, they were confronted by the police. They attempted to flee on foot but were apprehended, at which time, defendant stated to the police, "I just got in for the ride." The Jeep was later found to belong to the father of a club patron who had been injured in the fight and who had not given either defendant or Jones permission to use it.

Defendant was charged with grand larceny in the third degree, criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree. He was tried alone, Jones having pled guilty prior to trial. At his trial, the primary issue for the jury was his state of mind when he entered the vehicle's passenger seat and rode off with his companion at the wheel. The jury found defendant not guilty of grand larceny in the third degree, which, *inter alia,* required proof of larcenous intent, i.e., that he intended to deprive the owner of his vehicle, or to appropriate the vehicle to himself or a third person, permanently or for so extended a

period of time that a major part of its economic value would have been lost (Penal Law § 155.05 [1]; § 155.00 [3], [4]; *People v Blacknall,* 63 NY2d 912), but found that he was guilty of criminal possession of stolen property in the third degree, which required proof that he "knowingly possesse[d] stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof" (Penal Law § 165.50). The jury also found defendant guilty of unauthorized use of a vehicle in the third degree, commonly known as "joy-riding", which requires proof that the defendant, "[k]nowing that he does not have the consent of the owner * * * takes, operates, exercises control over, rides in or otherwise uses a vehicle" (Penal Law § 165.05 [1]).

There is no merit to defendant's argument that the evidence was insufficient to sustain his conviction for criminal possession of stolen property in the third degree and, upon our independent review of the facts, find that the verdict was not against the weight of the evidence.

Defendant's insufficiency argument is based on the contention that the proof was inadequate to establish that the vehicle was "stolen", an essential element of the criminal possession count *(see, People v Walker,* 198 NY 329; *People v Cammorto,* 185 AD2d 986; *People v Matthews,* 6 AD2d 786). In this case, the jury could have found that, unlike defendant, who was acquitted of grand larceny, defendant's companion was not simply joy-riding, which does not constitute stealing *(People v Roby,* 39 NY2d 69), but took the car with larcenous intent and that the defendant knew that his companion had such larcenous intent.

Contrary to defendant's contention, we find that there was sufficient circumstantial evidence from which the jury could infer beyond a reasonable doubt that defendant knew that his companion intended to permanently appropriate the vehicle. The evidence amply supports rejection of defendant's suggestion that he and Jones came upon the car keys in a completely "fortuitous" manner. Rather, Jones apparently realized that the young woman had found the keys on the ground and, in order to obtain them, slapped her, and took the keys from her. Defendant stood next to him as he did so. Moreover, although the entire group of six young men enthusiastically participated in the search for the car that went with the keys, they did not all jump in for a ride once the car was found. Instead, only defendant and his companion got in and drove off.

However, while the evidence would be sufficient to sustain

the conviction, reversal is required due to certain improper remarks by the prosecutor in summation. As noted, the defense in this case was based on the supposition that defendant, although aware he was not entitled to be in the car, had neither the larcenous intent to permanently appropriate or deprive or any awareness of such intent on his companion's part, but was, at most, guilty of unauthorized use. In this context, the prosecutor's remark in summation that defense counsel had conceded that the Jeep was "stolen" constituted a serious mischaracterization of the defense argument and is reversible error.

This argument was preserved by defense counsel's objection, which was overruled, at which point the prosecutor stated again, "It has been conceded that this Jeep was stolen. It has been conceded that this Jeep was stolen property on September 9, 1991."

In the context of this case, this error was extremely prejudicial. The differentiation between the requisite states of mind under the three counts involved in this prosecution was a difficult task. Indeed, the prosecutor's argument on this appeal, i.e., that this comment was not error because defense counsel did in fact concede that defendant knew he should not be in the Jeep, points out the difficulty of drawing these narrow distinctions. While knowledge on defendant's part that he should not be in the Jeep may have been sufficient to sustain the conviction for unauthorized use, it was clearly not sufficient alone to establish defendant's guilt of criminal possession of stolen property in the third degree. Defense counsel certainly never conceded that the Jeep was stolen. Nor did she concede facts from which the jury could infer that it was stolen, i.e., that either defendant or his companion had the requisite larcenous intent.

In addition, we note that it was error for the prosecutor to characterize the defense argument that defendant was not guilty of anything more than the lesser charge of unauthorized use as an attempt to "plea bargain." Moreover, the prosecutor erred in stating that the jury had to have a reason to doubt the evidence in order to acquit the defendant, thereby implying that the jury was entitled to acquit only if it disbelieved the evidence actually presented. The jury was, of course, also obligated to acquit if it found the evidence, even if completely reliable, insufficient to establish each element of the crimes charged beyond a reasonable doubt. Counsel's request for curative instructions as to both these erroneous remarks should therefore have been granted.

Finally, these errors may not be deemed harmless. While the proof of defendant's guilt was sufficient, it was not overwhelming. Harmless error analysis therefore does not apply *(People v Crimmins,* 36 NY2d 230, 237). Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.