■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOWAN COSPER, Appellant. [669 NYS2d 637] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 13, 1996, convicting him of robbery in the second degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion when it ruled that the People could question the defendant concerning a prior conviction for grand larceny in the event that he testified. Questioning regarding other crimes is not automatically precluded merely because the other crimes are similar to the crimes charged (*see, People v Pavao,* 59 NY2d 282; *People v Tarleton,* 178 AD2d 449; *People v Scott,* 161 AD2d 738). The defendant's prior conviction involved theft of property, and, on balance, its probative worth on the issue of his credibility far outweighed the risk of unfair prejudice to him.

Contrary to the defendant's contention, the trial court properly directed him to pay the mandatory surcharge and the crime victim assistance fee in addition to restitution since he had not made restitution by the time sentence was imposed (*see, People v Cabrera,* 243 AD2d 720; Penal Law § 60.35 [6]). Should the defendant make restitution, he may apply to the court to modify the sentence by deleting the provisions for payment of the mandatory surcharge and crime victim assistance fee, and, if he has paid such charges, he may apply for a refund (*see,* Penal Law § 60.35 [4]). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.