■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BREWER, Appellant. [684 NYS2d 577] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered April 9, 1997, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress inculpatory statements made by him.

Ordered that the judgment is affirmed.

The defendant claims that the gold chain that he grabbed from the complaining witness should have been ruled inadmissible at trial because it was recovered pursuant to a coerced statement which he made at the time he was apprehended. This contention is without merit. The Supreme Court properly determined, after a hearing, that the defendant's statement was voluntarily made (*see, People v Singletary,* 135 AD2d 757). Thus, the recovery of the gold chain did not constitute "fruit of the poisonous tree" (*Wong Sun v United States,* 371 US 471, 488).

The trial court's *Sandoval* ruling was not an improvident exercise of discretion. The prior offenses as to which the court would permit cross-examination were highly relevant on the issue of credibility, and the probative value of the cross-examination outweighed the potential prejudicial effect (*see, People v Pavao,* 59 NY2d 282; *People v Martin,* 221 AD2d 373; *People v Scott,* 161 AD2d 738). Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.