▉ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GIANNI, Appellant. [756 NYS2d 688] —Appeal from a judgment of Supreme Court, Monroe County (Affronti, J.), entered December 13, 2001, convicting defendant after a jury trial of, inter alia, criminal mischief in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of criminal mischief in the third degree (Penal Law § 145.05), arising from his conduct during a police pursuit of his vehicle when he fled after being pulled over by the police. The two counts of criminal mischief were based on damage to two vehicles, one of which was a police vehicle pursuing defendant's vehicle. The evidence at trial established that defendant struck the police vehicle three times and struck the other vehicle twice. Defendant contends that the evidence is legally insufficient to sustain the conviction of either count of criminal mischief because the People failed to establish that he intended to damage either vehicle. We reject that contention (*see People v Douglas,* 291 AD2d 455 [2002]; *People v Cammorto,* 185 AD2d 986, 987 [1992], *lv denied* 80 NY2d 1025 [1992]). "Intent can be inferred from the act itself or from the defendant's conduct and the surrounding circumstances" (*Douglas,* 291 AD2d at 455). The jury could have reasonably found that defendant deliberately struck the two vehicles multiple times while attempting either to flee from the police or to slow down the pursuing police vehicle. The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

Defendant further contends that the jury may have convicted him of an unindicted act of criminal mischief in the third degree because the evidence established that he struck the police vehicle three times and the other vehicle two times but there was only one count of criminal mischief with respect to each vehicle. We disagree. The three collisions between defendant's vehicle and the police vehicle were not separate and distinct acts but rather were " 'part and parcel of the continuous conduct' " of defendant in damaging that vehicle (*People v Wooden,* 289 AD2d 1083, 1084 [2001], *lv denied* 97

NY2d 734 [2002]). In addition, evidence was introduced at trial that the total damage to the police vehicle was $1,534.98. In finding defendant guilty of criminal mischief in the third degree with respect to the police vehicle, the jury must have found that the damage to the police vehicle was in that amount and thus must have convicted defendant based on his three collisions with that vehicle. Because the damage to the police vehicle was aggregated, "there was no danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts" (*People v Whitfield,* 255 AD2d 924, 924 [1998], *lv denied* 93 NY2d 981 [1999]; *see People v Bryan,* 270 AD2d 875 [2000], *lv denied* 95 NY2d 904 [2000]; *cf. People v McNab,* 167 AD2d 858 [1990]). The same reasoning applies with respect to the other vehicle.

We reject defendant's contention that Supreme Court erred in allowing the jurors to view two exhibits pertaining to defendant's license suspension. Those exhibits were received in evidence at trial (*see* CPL 310.20 [1]) and, although the court dismissed the count of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), the exhibits were nevertheless relevant to the remaining counts of the indictment. Finally, the sentence is neither unduly harsh nor severe. Present—Hurlbutt, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.