■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SINGLETARY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered December 13, 1982, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, criminal possession of stolen property in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court's refusal to grant defense counsel's request for an adjournment on the first morning of the trial did not result in a denial of defendant's right to a fair trial, where the request was made some three years after defendant was arraigned, and the trial progressed slowly in order to give defense counsel an opportunity to interview a potential alibi witness.

Neither did the court's *Sandoval* ruling, allowing questioning only as to the fact that defendant had been previously convicted of robbery in the third degree and rape in the first degree, deprive defendant of a fair trial. Questioning regarding a prior crime is not automatically precluded simply because it is similar to the crime charged *(People v Pavao,* 59 NY2d 282). Crimes such as rape and robbery are highly probative as to a defendant's willingness to place his self-interest ahead of principle or of the interest of society *(People v Bennette,* 56 NY2d 142; *People v Williams,* 108 AD2d 767).

Furthermore, the trial court did not abuse its discretion in holding that the sentence in the instant case was to run consecutively to the sentence defendant was still serving at the time this judgment was rendered.

We have reviewed defendant's remaining contentions and find them to be either without merit or not preserved for our review. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.