THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER BORDAUX, Appellant

The hearing court properly declined to suppress any in-court identification testimony. Although it found that a corporeal identification of the defendant by the complainant Hyacinthe at a pretrial hearing was improperly suggestive and thus suppressed any testimony regarding this identification, it correctly held that Hyacinthe's opportunity to view the defendant during the commission of the crime provided him with an independent basis allowing him to make an in-court identification of the defendant at trial. Specifically, it was revealed at the hearing that Hyacinthe viewed the defendant on at least two occasions, in satisfactory lighting conditions, on one occasion viewing his face for 10 to 15 seconds at a distance of about five feet while the defendant pointed a shotgun at him and asked for his radio. Promptly thereafter, Hyacinthe gave the police a detailed description of the defendant, which included facial characteristics, and, in a completely proper photographic identification procedure, picked out the defendant's photo with great assurance from several hundred other photographs. Upon these facts, it cannot be said that the hearing court's determination was clearly erroneous *(see, People v Armstead,* 98 AD2d 726). An impermissibly suggestive

identification procedure, such as occurred at the pretrial hearing in the instant case, will not prevent a witness from identifying a defendant at trial if the witness had ample opportunity to observe the defendant during the commission of the crime *(see, e.g., People v Adams,* 53 NY2d 241, 251-252; *People v Malphurs,* 111 AD2d 266, 268).

We have reviewed the defendant's other claims and find them to be without merit. Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.