■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PALLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered February 19, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling, permitting cross-examination of the defendant regarding the underlying facts of a similar crime, did not constitute an abuse of discretion. Trial courts have broad discretion in determining whether the probative value of evidence of other crimes on the issue of the defendant's credibility outweighs the risk of unfair prejudice to him *(People v Pavao,* 59 NY2d 282, 292; *People v Lee,* 115 AD2d 353). The court properly balanced the probative weight of the evidence *(see, People v Gonzalez,* 111 AD2d 870, 871, *lv granted* 66 NY2d 763, *revd on other grounds* 68 NY2d 424). Moreover, questioning concerning other crimes is not automatically precluded simply because the crime to be inquired about is similar to that charged *(People v Pavao, supra,* at 292). Here, the defendant's similar prior act involved the forcible theft of property and as such it was very probative on the question of credibility and demonstrated a willingness to deliberately further self-interest at the expense of society *(see, People v Sandoval,* 34 NY2d 371, 377; *People v Smalls,* 128

AD2d 907; *cf., People v Johnson,* 64 AD2d 907, *affd* 48 NY2d 674).

Additionally, the trial court did not abuse its discretion in refusing to grant the defendant a one-week adjournment in order to procure a potential witness. The decision of whether to grant an adjournment is a matter committed to the sound discretion of the trial court *(People v Singleton,* 41 NY2d 402, 405). While the range of that discretion is to be more narrowly construed where the fundamental right to present witnesses is implicated, the trial court need not grant an adjournment where the moving party has failed to show diligence and good faith in attempting to procure the witness *(see, People v Daniels,* 128 AD2d 632; *cf., People v Foy,* 32 NY2d 473, 476-478). In the instant case there has been no showing of diligence or good faith on the part of the defendant to insure Wayne Donovan's testimony at trial. The record discloses that the defendant did not even attempt to locate and contact Donovan in the approximately seven months which elapsed between the arraignment and the trial.

In addition to the dilatory tactics of the defendant, he further failed to show that the testimony of Donovan would be material or favorable to him *(see, People v Singleton, supra,* at 406; *Matter of Anthony M.,* 63 NY2d 270, 284). While the right to call witnesses in one's defense is fundamental, the defendant does not have the *"right* to delay his trial unreasonably regardless of reality" *(People v Brabson,* 9 NY2d 173, 179, *cert denied* 369 US 879). Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.