■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SULLIVAN, Appellant. [609 NYS2d 793] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 5, 1990, convicting him of assault in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's *Sandoval* ruling does not warrant reversal of the judgment of conviction. It is well settled that trial courts have broad discretion in determining, on the issue of the defendant's credibility, whether the probative value of evidence of other crimes outweighs the risk of unfair prejudice to the defendant *(see, People v Pavao,* 59 NY2d 282, 292; *see also, People v Pally,* 131 AD2d 889). Here, since the defendant's prior conviction involved theft of property, evidence of that crime was highly probative of the defendant's credibility and his willingness to deliberately further his own self-interest at the expense of society's interests *(see, People v Sandoval,* 34 NY2d 371, 377; *see also, People v Pally, supra; People v Singletary,* 116 AD2d 604). Accordingly, the trial court's ruling was not an improvident exercise of discretion *(see, People v Sandoval, supra,* at 377; *see also, People v Kuethman,* 156 AD2d 472, 473).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Stahl,* 53 NY2d 1048, 1050; *People v Udzinski,* 146 AD2d 245). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.