■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BROWN, Appellant. [613 NYS2d 690] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered March 3, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The defendant was convicted of shooting another man to death in the street. On appeal, he argues that the line-up identification of him as the shooter was the fruit of his illegal arrest. We agree and now reverse.

In order to effect a warrantless arrest of a defendant, the police must possess probable cause *(see, People v Johnson,* 66

NY2d 398; *People v Bigelow,* 66 NY2d 417). Probable cause may be based on hearsay, and New York follows the *Aguilar-Spinelli* rule concerning the use of hearsay *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Johnson, supra; People v Bigelow, supra).* The *Aguilar-Spinelli* rule requires hearsay to satisfy a two-pronged test before it may support a finding of probable cause: (1) there must be some indication that the informant is reliable and (2) there must be some indication that the informant has a basis for his or her knowledge *(see, People v Johnson, supra; People v Bigelow, supra).*

Here, the only evidence that tied the defendant to the nickname "Black" or to the shooting was derived from hearsay. However, the hearing record does not reveal the source of the hearsay. Thus, it is not possible to determine the reliability of the hearsay under either prong of the *Aguilar-Spinelli* test. Accordingly, the hearsay evidence on which the police relied to arrest the defendant was insufficient to support a finding of probable cause *(see, People v Johnson, supra,* at 403; *People v Rodriguez,* 52 NY2d 483). Therefore, since the lineup was the fruit of an illegal arrest and no evidence was adduced at the *Wade* hearing concerning an independent basis for the identifying witnesses' in-court identifications, the judgment must be reversed and the matter remitted to the Supreme Court, Queens County, for a new *Wade* hearing and for a new trial.

We note that the totality-of-the-circumstances argument proffered by the People is not applicable to warrantless arrests *(see, People v Johnson, supra; People v Bigelow,* 66 NY2d 417, *supra).*

Resolution of the foregoing issue renders the defendant's remaining contentions academic. Therefore, they will not be addressed. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.