■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME McLEMORE, Appellant. [696 NYS2d 464] —Appeal by the

defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 11, 1996, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly determined that clear and convincing evidence established an independent source for the complainant's lineup and in-court identification of the defendant (*see, People v Carney,* 212 AD2d 721; *People v Johnson,* 211 AD2d 730; *People v Brown,* 187 AD2d 662; *People v Daniels,* 128 AD2d 631; *People v Bordaux,* 124 AD2d 810). Additionally, the court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Rahman,* 46 NY2d 882; *People v Kelland,* 208 AD2d 954; *People v Sullivan,* 201 AD2d 518).

The appellant claims that his conviction is against the weight of the evidence because the complainant's identification testimony was unreliable as there was no corroborating evidence. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence is not harsh or excessive (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.