■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALTOWER, Appellant. [705 NYS2d 256] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 7, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling (see, People v Sandoval, 34 NY2d 371), permitting the prosecution to cross-examine the defendant regarding the underlying facts of his prior convictions for attempted robbery in the second degree and criminal possession of a controlled substance in the seventh degree, was a provident exercise of discretion (see, People v Pally, 131 AD2d 889). The trial court properly balanced the probative weight of the evidence against any prejudicial effect (see, People v Pally, supra; People v Pavao, 59 NY2d 282, 292). Moreover, it is well settled that the mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes (People v Woods, 158 AD2d 566, 567). The defendant's prior convictions were highly relevant on the issue of his credibility since they demonstrated his willingness to further his own interests at the expense of society (see, People v Woods, supra; People v Sandoval, supra).

The defendant's contention that his conviction for criminal sale of a controlled substance in the third degree is not supported by legally sufficient evidence is unpreserved for appellate review (see, CPL 470.05 [2]; People v Gerofsky, 244 AD2d 569; People v Bynum, 70 NY2d 858). In any event, viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]; People v Holmes, 232 AD2d 169).

Finally, the sentence imposed was neither harsh nor exces-

sive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.