■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL TORRES, Appellant. [786 NYS2d 61]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered November 20, 2002, convicting him of murder in the first degree, murder in the second degree (two counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The testimony of the People's witness at the pretrial suppression hearing established that the police had probable cause initially to take the defendant into custody for possession of a stolen motor vehicle (*see People v Parris,* 83 NY2d 342, 345 [1994]; *People v Johnson,* 66 NY2d 398, 402 [1985]; *People v Brown,* 205 AD2d 791 [1994]; *see also Spinelli v United States,* 393 US 410 [1969]). The defendant's statements made to law enforcement officials after he was advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) were voluntary (*see People v Williams,* 62 NY2d 285; *People v Ramos,* 307 AD2d 269 [2003]).

The County Court providently exercised its discretion in denying the defendant's motion for a "sequential double-blind" lineup (*see People v McLaughlin,* 8 AD3d 146, 147 [2004], *lv denied* 3 NY3d 678 [2004]; *People v Robinson,* 8 AD3d 95, 96 [2004]). Furthermore, the County Court properly declined to suppress the lineup identification evidence. The People satisfied their burden of proving that the pretrial lineup identification procedures were not unduly suggestive, and the defendant did not offer evidence to the contrary (*see People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior rape conviction so outweighed the probative worth of that evidence that its exclusion was warranted (*see People v Sandoval,* 34 NY2d 371, 378 [1974]). "Crimes such as rape and robbery are highly probative as to a defendant's willingness to place . . . self-interest ahead of principle or of the interest of society" (*People v Singletary,* 116 AD2d 604, 605 [1986]).

The County Court providently exercised its discretion in denying the defendant's motion, made midtrial, for a competency examination pursuant to CPL 730.30 (1) (*see People v Morgan,* 87 NY2d 878 [1995]; *People v Russell,* 74 NY2d 901, 902 [1989]). The County Court properly relied on its own observations of, and interaction with, the defendant in concluding that there was no reasonable ground to believe that he was an incapacitated person (*see People v Morgan, supra* at 880-881).

The defendant received meaningful representation (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review, without merit, or involve matter dehors the record. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.